UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES RUTLEDGE,<br><br>Defendant. | 3:20-CR-30144-RAL<br><br>ORDER DENYING MOTION FOR SENTENCE REDUCTION |

Defendant James Rutledge pleaded guilty to one count of conspiracy to distribute a controlled substance and one count of possession of a firearm by a prohibited person. Doc. 71. This Court sentenced Rutledge to a below-guideline-range sentence of 168 months on Count I and 120 months on Count II, to run concurrently. Doc. 93. Rutledge filed a motion for reduction in his sentence under Part A of Amendment 821 to the Sentencing Guidelines. Doc. 118. The Government filed a response opposing a reduction. Doc. 122. For the reasons explained below, Rutledge is not eligible for the sentence reduction he seeks, and his motion is denied.

In Part A to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in Section 4A1.1(e). The amended provision states:

> Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

Thus, a person who otherwise has 7 criminal history points or more now receives 1 additional "status" criminal history point, instead of 2, while one who otherwise has 6 criminal history points or fewer receives no status points. On August 24, 2023, the Commission decided that this change applies retroactively. See § 1B1.10(e)(2) (Nov. 1, 2023).

In determining whether a sentence reduction is warranted, "the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) . . . had been in effect at the time the defendant was sentenced." § 1B1.10(b)(1). Further, "[c]ourts generally may 'not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range' produced by the substitution." Dillon v. United States, 560 U.S. 817, 821 (2010) (quoting § 1B1.10(b)(2)(A)).

At sentencing, Rutledge had 25 criminal history points before the addition of 2 "status points." Doc. 86. With a total criminal history score of 27, Rutledge was placed in Criminal History Category VI. Id. His total offense level was 31, and his guideline range was 188 to 235 months. At sentencing, this Court believed Rutledge's criminal history category was overrepresented and that Rutledge more appropriately belonged in Criminal History Category V. Doc. 94 at 2. After all, some of Rutledge's criminal history points came from crimes like petty theft, marijuana possession, false impersonation, and drug ingestion. Doc. 86 at 10-21. This Court varied downwards and ultimately sentenced Rutledge to a below-guideline-range sentence of 168 months on Count 1 and 120 months on Count 3, to run concurrently. Doc. 93.

Under § 4A1.1(e) and Part A of Amendment 821, Rutledge now receives only one additional "status point," resulting in a total criminal history score of 26. Despite the change to his total criminal history score, Rutledge remains in Criminal History Category IV and his guideline range is unchanged—188 to 235 months. This Court is without authority to reduce

Rutledge's sentence to anything lower than the bottom of the amended guideline range—188 months. See § 1B1.10(b)(2)(A). Because Rutledge received a below-guideline-range sentence of 168 months on Count 1 and 120 months on Count 2, Rutledge is ineligible for a sentence reduction under § 4A1.1(e).

DATED this 11th day of December, 2024.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE